UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAMON VAHDEHEI,

   *Plaintiff,*

   *v.*

CITY OF GREEN BAY, AND                 Case No: 1:21-cv-441
THOMAS M. CONLEY,

   *Defendants.*

## COMPLAINT

Plaintiff Damon Vandehei, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

### INTRODUCTION

1. On January 2, 2021, Defendant Officer Thomas Conley was on patrol with his K-9 Puma when he received a request from one of his fellow Green Bay Police Department Officers to respond to an area and help search for an individual.

2. While searching in a garage, one of the officers saw Vandehei sitting behind a table and yelled at him to show his hands.

3. Despite Vandehei putting his hands in the air and surrendering to the police, Defendant Conley, who had his K-9 Puma on a 15-foot leash, allowed his K-9 Puma to attack Vandehei and maul Vandehei in the leg so badly that officers put a tourniquet on his leg to attempt to stop the bleeding and had to call an ambulance to take Vandehei to St. Vincent's

Hospital where doctors took Vandehei into emergency surgery to repair the injuries to his leg and staple his wound back together.

4. Internal Green Bay Police Department text messages show that Defendant Conley and fellow officers engaged in a discussion about K-9 Puma injuring Vandehei in which officers talked about how awesome the dog attack was, asked to see pictures of the injuries, and discussed how much of Vandehei's blood they got on their clothes, and an officer who was not present for the dog attack messaged that he wished he would have been there to see it.

5. This lawsuit seeks to establish that it is a violation of Vandehei's constitutional rights for an officer to allow his K-9 to attack and maul him when he was not resisting and was surrendering with his hands in the air. It seeks to effect change through punitive damages by punishing the Defendant Conley for his egregious conduct with the hope that the punishment is significant enough to prevent this from happening again in the future, so that a person who is arrested by the City of Green Bay Police Department does not have to fear that an officer will allow his K-9 to attack and maul him when he is not resisting and is surrendering with his hands in the air.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

7. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Green Bay is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

**PARTIES**

9. Plaintiff Damon Vandehei is a resident of the State of Wisconsin and the County of Brown.

10. Defendant City of Green Bay is a political subdivision of the state of Wisconsin and is and/or was the employer of the individual police officer Defendant Conley and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

11. Defendant Conley was, at the time of this occurrence, employed as an officer in the City of Green Bay's Police Department. Defendant Conley engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Green Bay.

12. At all times relevant to this action, Defendant Conley was acting under color of state law, ordinance, and/or regulation. Defendant Conley is sued in his individual capacity.

**FACTS**

13. On January 2, 2021, Defendant Conley was on patrol with his K-9 Puma, when he received a request from one of his fellow Green Bay Police Department Officers to respond to an area and help search for an individual.

14. Defendant Conley responded to the scene and began tracking with his K-9 Puma.

15. Defendant Conley, K-9 Puma, and fellow City of Green Bay Police Officers were looking in a garage when one of the officers saw Vandehei sitting behind a table in the corner of the garage.

16. One or more officers pointed their flashlights at Vandehei and yelled at him to show his hands.

17. In response to the officer's commands, Vandehei put his hands in the air above his head.

18. Despite Vandehei putting his hands in the air and surrendering to the police, Defendant Conley, who had his K-9 Puma on a 15-foot leash, allowed his K-9 Puma to attack Vandehei by biting him and chewing on the tissue in his leg.

19. Defendant Conley allowed his K-9 Puma to continue mauling Vandehei in the leg as fellow officers put Vandehei in handcuffs.

20. K-9 Puma tore into the tissue of Vandehei's left leg resulting in "a significant amount of bleeding from [Vandehei's] left leg."

21. The dog bite injury to Vandehei's left leg was so bad that officers put a tourniquet on his leg to attempt to stop the bleeding and called an ambulance to take Vandehei to St. Vincent's Hospital.

22. Once Vandehei arrived in the emergency room, doctors took Vandehei into emergency surgery to repair the injuries to his leg and staple his tissue back together.

23. After Defendant Conley left the scene with K-9 Puma, he along with his fellow Green Bay Police Department Officers, evincing a wanton and malicious motive, engaged in a discussion via instant messages which included "wanna see pictures of your dogs handy work," "NICE WORK DUDE," "HOW BAD DID PUMA BITE THAT GUY?," "pretty bad. Fair amount of blood and I got a bunch of it on my sleeve and gloves and watch," "was kicking in pain while we were putting it on. . . . pretty gnarly gashes," "WOULD OF LOVED TO SEE THAT," "fun way to start the night," and "yeah it was pretty awesome."

24. As a direct and proximate result of the acts of Defendants, as detailed above, Plaintiff has suffered, *inter alia*, bodily injury, pain, suffering, mental distress, and humiliation.

25. Defendant City of Green Bay is liable to defend this action against Defendant Conley, and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## COUNT I:
## 42 U.S.C. § 1983 Claim for Excessive Force

26. Plaintiff realleges the above paragraphs.

27. The intentional actions of Defendant Conley in in ordering K-9 Puma to attack the non-resisting Vandehei was excessive, unjustifiable and unnecessary force against Plaintiff and violated Plaintiff's Fourth Amendment right to be free from unreasonable arrest and seizure, and thus violated 42 U.S.C. § 1983.

28. The aforementioned actions of Defendant Conley were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Conley; because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action; attorneys' fees; and such other and further relief that the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: April 6, 2021

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
33 East Main Street, Suite 400
Madison, Wisconsin 53703
[608] 535-1550
John@StrangBradley.com
Rick@StrangBradley.com

Attorneys for Plaintiff

6
Case 1:21-cv-00441-WCG   Filed 04/06/21   Page 6 of 6   Document 1