UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMON VANDEHEI,

        Plaintiff,

    v.                                Case No. 21-C-441

CITY OF GREEN BAY, et al.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Damon Vandehei filed this 42 U.S.C. § 1983 lawsuit against Defendants City of Green Bay and Thomas Conley alleging violations of the Fourth Amendment arising out of his January 2, 2021, arrest. This matter comes before the Court on the defendants' motion to dismiss the action under the Fugitive Disentitlement Doctrine. *See Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000) (holding that when plaintiff's fugitive status places him entirely beyond judicial control, thus creating a situation severely prejudicial to his adversaries, fugitive disentitlement doctrine bars action and requires dismissal with prejudice).

The defendants assert that Vandehei is a fugitive from justice and failed to appear at his own duly noticed deposition scheduled to take place on January 7, 2022. An affidavit by the defendants' attorney filed in support of the motion discloses that a warrant has been issued for Vandehei's arrest by Judge David Weber of the Circuit Court for Door County following Vandehei's failure to appear before that court on January 10, 2022, for sentencing for the crimes of burglary and theft. Additional charges are pending against him in Brown County where an additional warrant was issued since the motion was filed. Affidavits of Attorney Emelia Janisch,

Dkt. Nos. 15, 20. Counsel for the defendants notes that she spent two hours preparing for the duly noticed deposition, a half hour waiting for Vandehei to show, and $100 for a court reporter. Although Vandehei's counsel appeared for the deposition, he offered no information as to why Vandehei failed to appear or where he was located. Vandehei's attorney filed a two-sentence brief in opposition to the motion on February 2, 2022, stating that he does not dispute that Vandehei failed to appear for his duly noticed deposition but objects to the relief requested by the defendants in their motion.

The fugitive disentitlement doctrine clearly applies under the undisputed facts of the case. Since his whereabouts are unknown, Vandehei cannot be deposed by counsel for the defendants or made to pay costs (should he lose) or attorneys' fees (should he lose and his suit be adjudged sanctionably frivolous). There is nothing to prevent him from using the litigation process to harass the defendants with impunity, and no measure short of dismissal of his suit that will protect the defendants from such harassment and expense. *Sarlund*, 205 F.3d at 975. Although the defendants are also entitled to dismissal under Federal Rule of Civil Procedure 37 as a sanction for Vandehei's unexcused failure to appear at his own deposition, *Sarlund* holds that where the fugitive disentitlement doctrine applies, dismissal should be granted on that ground and the defendants spared further expense. *Id.*

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (Dkt. No. 13) is **GRANTED** based on the fugitive disentitlement doctrine. This action is dismissed with prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of February, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge